chandise is properly dutiable at 13¾% ad valorem under paragraph 353 of the Tariff Act of 1930, as modified.

IT IS FURTHER STIPULATED AND AGREED that the protests enumerated in Schedule A are submitted for decision upon this stipulation and are abandoned as to all items not included and referred to in said Schedule A.

Accepting the foregoing stipulation of facts, we find and hold the items of merchandise marked "A" and initialed on the invoices by the designated examiners, to be properly dutiable at the rate of 13¾ per centum ad valorem as articles having as an essential feature an electrical element or device under paragraph 353, Tariff Act of 1930, as modified by the Torquay Protocol to the General Agreement on Tariffs and Trade, 86 Treas. Dec. 121, T.D. 52739.

To the extent indicated, the specified claim in the above suits is sustained; in all other respects and as to all other merchandise all the claims are overruled.

The protests having been abandoned as to all items other than those marked with the letter "A" they are, accordingly, dismissed.

Judgment will be entered accordingly.

(C.D. 2990)

DE JUR AMSCO CORPORATION v. UNITED STATES

United States Customs Court, Second Division

(Decided May 3, 1967)

*Sharretts, Paley & Carter* for the plaintiff.
*Barefoot Sanders*, Assistant Attorney General, for the defendant.

Before RAO and FORD, Judges

FORD, Judge: The suits listed in schedule "A," attached hereto and made a part hereof, have been submitted on a written stipulation reading as follows:

IT IS HEREBY STIPULATED AND AGREED by and between the parties hereto that the merchandise marked "A" and checked HL, JOB, AFM, GS (Examiners' Initials) by Examiners H. Lester, J. O'Brien, Alfred F. Manzella, G. Santucci (Examiners' Names) on the invoices covered by the protests enumerated in Schedule A, attached

hereto and made a part hereof, consists of microphones and earphones and parts thereof assessed with duty at 15% ad valorem under paragraph 353 of the Tariff Act of 1930, as modified by T.D. 51802, as articles suitable for producing, rectifying, modifying, controlling or distributing electrical energy.

IT IS FURTHER STIPULATED AND AGREED that the merchandise marked "A" on the invoices covered by the protests, enumerated in Schedule A, is not suitable for producing, rectifying, modifying, controlling or distributing electrical energy.

IT IS FURTHER STIPULATED AND AGREED that the items marked "A" on the invoices covered by the protests enumerated in Schedule A are parts of stenorettes, which have as an essential feature an electrical element or device.

IT IS FURTHER STIPULATED AND AGREED that the items herein claimed to be parts are essential for and dedicated to use on stenorettes.

IT IS FURTHER STIPULATED AND AGREED that the protests be submitted on this stipulation, said protests being limited to the merchandise marked "A", as aforesaid, and to the claim that said merchandise is properly dutiable at 13¾% ad valorem under paragraph 353 of the Tariff Act of 1930, as modified.

IT IS FURTHER STIPULATED AND AGREED that the protests enumerated in Schedule A are submitted for decision upon this stipulation and are abandoned as to all items not included and referred to in said Schedule A.

Accepting the foregoing stipulation of facts, we find and hold the items of merchandise, marked "A" and initialed on the invoices by the designated examiners, to be properly dutiable at the rate of 13¾ per centum ad valorem, as articles having as an essential feature an electrical element or device under paragraph 353, Tariff Act of 1930, as modified by the Torquay Protocol to the General Agreement on Tariffs and Trade, 86 Treas. Dec. 121, T.D. 52739.

To the extent indicated, the specified claim in the above suits is sustained; in all other respects and as to all other merchandise all the claims are overruled.

The protests having been abandoned as to all items other than those marked with the letter "A," they are, accordingly, dismissed.